UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ACTION WATERSPORTS OF INCLINE VILLAGE, LLC,<br><br>　　　　Plaintiff-in-Limitation,<br>　v.<br>SIERRA CLOUD, *official number 950488*,<br>　　　　Defendant. | Case No. 3:21-cv-00072-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

On or about July 16, 2020, the catamaran vessel Sierra Cloud ("Vessel") hit a submerged rock while sailing on Lake Tahoe. (ECF No. 17 at 2.) The owner of the Vessel, Action Water Sports of Incline Village, LLC ("Plaintiff-in-Limitation"), subsequently filed a complaint in federal district court seeking exoneration or limitation of liability[1] (ECF No. 1) and identified six individuals as potential alleged injured parties (ECF No. 2). On April 2, 2021, the Court issued an Order to Show Cause ("Order") requiring Plaintiff-in-Limitation to demonstrate that it was entitled to a limitation on its liability. (ECF No. 24.) Specifically, the Court requested Plaintiff-in-Limitation demonstrate it has received "written notice to the vessel owner [that] reveals a reasonable possibility that the claim may exceed the value of the vessel and is subject to limitation." *In re Las Vegas Boat Harbor, Inc.*, Case No.: 2:20-cv-01457-JAD-VCF, 2021 WL 1033212, at *3 (D. Nev. Mar. 17, 2021). Plaintiff-in-Limitation responded and attached a declaration stating that on December 15, 2020,

---

[1]Plaintiff-in-Limitation initiated this action in the Eastern District of California. United States District Judge Kimberly Mueller transferred the case to this District in accordance with Supplemental Admiralty and Maritime Claims Rule F(9). (ECF Nos. 8, 10.)

counsel received written notice from an attorney asserting that Plaintiff-in-Limitation was liable for injuries sustained by the attorney's clients. (ECF Nos. 25, 25-1 at 2.)

Because the Court finds that Plaintiff-in-Limitation has satisfied the procedural prerequisites, it will grant Plaintiff-in-Limitation's requested relief. However, the Court notes that Plaintiff-in-Limitation has neither declared nor demonstrated that any claims have been filed which would exceed the value of the Vessel. For the reasons explained below, the Court will also grant putative claimants leave to argue the injunction should be dissolved if the claims in aggregate do not exceed the value of the Vessel.

## II. DISCUSSION

Plaintiff-in-Limitation seeks exoneration or limitation of its liability relating to the July 16, 2020 incident under the Limitation of Liability Act ("the Act"), 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims. It stipulates that the value of the Vessel is $420,000, which it offers as security in conformity with Rule F(1), and seeks to limit its potential liability for all claims to that sum. (ECF No. 3.) Plaintiff-in-Limitation argues that because it has received a written notice of claim from the attorney of putative claimants and has timely filed this action, it has satisfied the procedural requirements of Rule F and is therefore entitled to the injunctive relief and notice by publication afforded by the same. The Court agrees, and will issue the injunction and order for notice by publication, but for the reasons explained below will also grant leave to claimants who file with the Court to demonstrate that the sum of their claims do not exceed the value of the Vessel.

The Act was "designed to encourage investment in shipping by exempting an investor from a loss greater than the fund he is willing to invest in the enterprise." *Calkins v. Graham*, 667 F.2d 1292, 1295 (9th Cir. 1982). Although 28 U.S.C. § 1333 gives federal courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," it "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." The Supreme Court has interpreted this savings clause and found it "was designed to protect remedies available at common law." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S.

438, 454 (2001). "Trial by jury is an obvious, but not exclusive, example of the remedies available to suitors." *Id.* at 454-55. Accordingly, the Court recognized two exceptions to vessel owners' general right to consolidate claims in a limitation action in federal courts: (1) "where the value of the limitation fund exceeds the total value of all claims asserted against the vessel owner," and (2) "where a single claimant brings an action against the vessel owner seeking damages in excess of the value of the vessel." *Id.* at 442. The Court further reasoned that "[w]here the value of the vessel and the pending freight exceed the claims, however, there is no necessity for the maintenance of the action in federal court." *Id.* at 450 (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957)).

In particular, the Court was concerned about reading the Act in a way that unduly burdened the common law rights of claimants. The Court reasoned that expanding the scope of exclusive federal jurisdiction to prevent state court actions:

> would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights, even where the limitation fund is known to be more than adequate to satisfy all demands upon it. The shipowner's right to limit liability is not so boundless. The Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability. In fact, the Congress not only created the limitation procedure for the primary purpose of apportioning the limitation fund among the claimants where that fund was inadequate to pay the claims in full, but it reserved to such suitors their common-law remedies.

*Id.* at 451 (quoting *Lake Tankers Corp.*, 354 U.S. at 152-53). After *Lewis*, district courts have routinely acknowledged the tension between the savings clause in § 1333 and the Act, and have recognized "the district court's task to reconcile the two." *In re Hyatt Corp.*, 262 F.R.D. 538, 550-51 (D. Haw. 2009).

Likewise, the Court is aware here of its duty to balance Plaintiff-in-Limitation's right to seek limitation of its liability with the putative claimants' common-law rights. In its Order, the Court asked Plaintiff-in-Limitation to confirm that it had received a written notice of claim that exceeded the value of the vessel. (ECF No. 24 at 2-3.) In response, Plaintiff-in-Limitation asserts that it has "received written communications from counsel for potential claimants" and its motion is timely. (ECF Nos. 25 at 2, 25-1 at 2.) However,

3

Plaintiff-in-Limitation states only "[i]t is believed that the total amount of all claims that may be asserted may exceed the value of the interest of Plaintiff-in-Limitation in the VESSEL and its appurtenances." (ECF No. 25-2 at 3.)

The Court is satisfied the limitation motion is timely,[2] but it remains unclear whether the putative claimants' claims exceed the value of the Vessel. Moreover, Plaintiff-in-Limitation does not describe the type or severity of the injuries alleged, nor does it state whether the letter it received included a demand, or otherwise alleged the aggregate value of the putative claims. While the Court accepts that Plaintiff-in-Limitation may file its limitation action before it has confirmed the asserted claims will exceed the value of the vessel, the Court recognizes that putative claimants' right to pursue their claims in state court with the benefit of a jury trial would be unduly burdened if the aggregate sum of their claims would not exceed the value of the Vessel. *See Lewis*, 531 U.S. at 451. Accordingly, the Court will issue Plaintiff-in-Limitation's requested orders to serve notice by publication and to enjoin suits in other courts in accordance with Supplemental Rule F, but will further grant leave to putative claimants who file their claims in this action to argue that the sum of their claims do not exceed the value of the vessel and that the injunction should be dissolved. *See id.* at 454 (finding that where "the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion").

### III.    CONCLUSION

It is therefore ordered that Plaintiff-in-Limitation's ad interim stipulation for value (ECF No. 3), in the sum of $420,000 with interest at six percent (6%) per year, as security for the amount or value of the Sierra Cloud is approved.

///

///

---

[2] In fact, Plaintiff-in-Limitation has not shown that any communication it received "reveals a reasonable possibility that the claim may exceed the value of the vessel," which would start the statute of limitations. *Las Vegas Boat Harbor, Inc.*, 2021 WL 1033212, at *3.

It is further ordered that, pursuant to Rule F(3) of the Supplemental Admiralty Rules, all claims, suits, and proceedings against Plaintiff-in-Limitation or its property with respect to the matter in question are stayed and restrained.

It is further ordered that Plaintiff-in-Limitation's ex parte application for issuance of notice and order (ECF No. 17) is granted. The Court will issue the proposed order attached to the ex parte application (ECF No. 17-1). However, Plaintiff must publish notice in the *San Francisco Chronicle*[3] once a week for four consecutive weeks.

It is further ordered that no later than the date of the second publication of notice, Plaintiff-in-Limitation must mail a copy of the notice to every person listed in its Certificate of Interested Parties (ECF No. 2).

It is further ordered that Plaintiff-in-Limitation must mail a copy of the notice to every additional person known to have made a claim against Plaintiff-in-Limitation and/or the Sierra Cloud relating to the matter in question.

It is further ordered that, should Plaintiff-in-Limitation discover additional parties that are appropriate to name in this lawsuit, Plaintiff-in-Limitation may seek leave of Court to amend its complaint and name such parties.

It is further ordered that, should the sum of the aggregate claims before the Court not exceed the value of the vessel, the putative claimants may seek leave of Court to dissolve this injunction.

DATED THIS 27th Day of April 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff-in-Limitation proposed publication in the *Las Vegas Review-Journal*. However, because the incident occurred on Lake Tahoe, the Court reasoned that publication in a major Bay Area newspaper is more likely to reach potential unknown claimants.